Georgiana Spaulder v. Commissioner.
Spaulder v. Commissioner
Docket No. 4465-70.
United States Tax Court
T.C. Memo 1972-144; 1972 Tax Ct. Memo LEXIS 111; 31 T.C.M. (CCH) 723; T.C.M. (RIA) 72144; July 3, 1972
William J. Malone, for the petitioner. Michael A Menillo, for the respondent. QUEALY
Memorandum Findings of Fact and Opinion QUEALY, Judge: This proceeding involves a redetermination of a deficiency in income tax asserted against the petitioner and Jules Spaulder, her husband, for the taxable year 1966 in the amount of $3,208.78. Neither the petitioner nor her husband contest the amount of the deficiency. The sole question is whether the petitioner shall be relieved of any liability on account thereof pursuant to section 6013(e). [1] *112 Findings of Fact The petitioner, Georgiana Spaulder, resided at 2320 Dogwood Street, Merrick, New York, as of the date the petition herein was filed in the Tax Court. The petitioner, together with her husband, Jules Spaulder, filed a joint income tax return for the calendar year 1966 with the district director of internal revenue, Manhattan, New York. By notice of deficiency, dated April 10, 1970, addressed to Mr. Jules Spaulder and 724 Mrs. Georgiana Spaulder, the respondent determined a deficiency for the taxable year 1966 in the amount of $3,208.78. The deficiency resulted primarily from the disallowance of a loss in the amount of $98,659.22 claimed in said return as a business loss incurred in the taxable year 1966 by Jules Spaulder on account of the sale of securities. The respondent determined that said loss was a capital loss subject to the limitations of section 165(f) and neither petitioner nor Jules Spaulder question that determination. During the taxable year 1966, petitioner resided with her husband, Jules Spaulder, and child at 2320 Dogwood Street, *113 Merrick, New York. Jules Spaulder paid all expenses of the family. The joint tax return filed by petitioner and her husband, Jules Spaulder, for the taxable year 1966 did not contain an omission from gross income of an amount properly includable therein. Opinion The sole question involved in this case is whether the petitioner qualifies as an "innocent spouse" under the relief provisions of section 6013(e). Insofar as material herein, that section provides as follows: (e) Spouse Relieved of Liability in Certain Cases. - (1) In General. - Under regulations prescribed by the Secretary or his delegate, if - (A) a joint return has been made under this section for a taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return, (B) the other spouse establishes that in signing the return he or she did not know of, and had no reason to know of, such omission, and (C) taking into account whether or not the other spouse significantly benefited directly or indirectly from the items omitted from gross income and *114 taking into account all other facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such omission, then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent that such liability is attributable to such omission from gross income. Upon the basis of the facts in this case, the petitioner fails to meet any of the conditions prescribed in section 6013(e). First, there was no omission from gross income but an erroneous claim of a deduction on account of a loss admittedly sustained by petitioner's husband. Secondly, since the amount thereof was set forth on the return signed by the petitioner, it cannot be said that there was any omission of which she had no knowledge. Third, since the petitioner and her husband were living together during the taxable year, and he provided support for the family, it cannot be said that the petitioner did not benefit on account of the tax-saving which resulted from the erroneous claim of the loss as a deduction. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩